UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WASHINGTON STATE INVESTMENT BOARD,

           Plaintiff,

-against-

ODEBRECHT S.A., et al.,

           Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/2023
```

17-CV-8118 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court is in receipt of the parties' letters (Dkts. 121, 123, 126) concerning plaintiffs' "contemplated motion to apply collateral estoppel to certain factual findings in *DoubleLine Capital LP, et al. v. Odebrecht Finance, Ltd., et al.*, No. 17-cv-04576-GHW-BCM (S.D.N.Y.)." (Dkt. 121 at 1.) Plaintiff's request is GRANTED to the extent that the Court will conduct a pre-motion conference on **November 6, 2023, at 11:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, New York.

At the conference, the parties should be prepared to discuss:

(1)     Whether the contemplated motion will be brought pursuant to Fed. R. Civ. P. 12(f) or some other procedural mechanism;

(2)     Whether the motion is within the scope of my reference (*see* Dkt. 112);

(3)     A proposed schedule for the motion; and

(4)     Whether "nonmutual offensive collateral estoppel" (Dkt. 121 at 2) can be applied where the facts at issue were deemed established in the prior action "for purposes of [that] action" only, *Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, 2022 WL 3029014, at *3, *13 (S.D.N.Y. July 19, 2022); where the order deeming those facts established was issued as a sanction, pursuant to Fed. R. Civ. P. 37(b)(2)(C), for defendants' violation of a specific discovery order, *id.* at *10-11; where no comparable conduct has occurred, to date, in the present action; where no final judgment has been entered in the prior action; and where plaintiff in the present action seeks to apply collateral estoppel for a purpose other than deeming a judgment non-dischargeable in bankruptcy. *See In re Snyder*, 939 F.3d 92, 100 (2d Cir. 2019) (holding that where a default judgment was "entered as a sanction for bad conduct, and the party being estopped had the opportunity to participate in the

underlying litigation, the default judgment has preclusive effect when determining the nondischargeability of a debt in a bankruptcy proceeding"); *Sanders v. Sanders*, 2021 WL 5988343, at *1 (S.D.N.Y. Dec. 17, 2021) (declining, on a motion for reconsideration, to revisit the application of collateral estoppel to a final state court divorce judgment); *cf. Sec. & Exch. Comm'n v. Yin*, 2023 WL 2753094, at *15 (S.D.N.Y. Mar. 31, 2023) (applying the "underlying logic" of *Snyder* to an insider trading claim against a relief defendant), *aff'd sub nom. Sec. & Exch. Comm'n v. Su*, 2023 WL 5970952 (2d Cir. Sept. 14, 2023).

The Clerk of Court is respectfully directed to close the motion at Dkt. 121.

Dated: New York, New York  
October 17, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**